IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO F.M.,<br><br>Petitioner,<br><br>vs.<br><br>CENTRAL VALLEY ANNEX,<br><br>Respondent. | Civil No. 1:26-cv-09101-MWJS<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS<br><br>A# 209-128-245 |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Rodolfo F.M.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner, a national of Guatemala, was removed from the United States in 2016 and subsequently unlawfully reentered the country. Dkt. No. 6, at pg. 1. On September 24, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE) in Sacramento. Dkt. No. 6-1, at pg. 2. The same day, the Department of Homeland Security (DHS) reinstated the earlier removal order against Petitioner. *Id.* at pg. 5.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner filed the petition on October 27, 2026. Dkt. No. 1. Because it was unclear from the face of the petition whether Petitioner would be entitled to relief, the court issued an order directing Respondent to inform the court, among other things, whether Petitioner was subject to a final order of removal. Dkt. No. 5. In its response, Respondent indicated that Petitioner was subject to a reinstated final order of removal and that Petitioner was therefore subject to detention under 8 U.S.C. § 1231(a). Dkt. No. 6, at pg. 2. Petitioner's deadline to file a reply was November 12, 2026. Dkt. No. 5. As of November 18, no such reply has been filed.

Under 8 U.S.C. § 1231(a)(2), the government is required to detain a person subject to a final order of removal for 90 days after the order becomes final. A reinstated removal order is immediately final upon issuance for the purposes of § 1231 detention. 8 U.S.C. § 1231(5); *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021). Under Ninth Circuit precedent, habeas relief is unavailable to detainees within the 90-day removal period. *Khotesouvan v. Morones*, 386 F.3d 1298, 1300–01 (9th Cir. 2004); *see also David M.H. v. Cal. City ICE Detention*, No. 1:26-cv-05984-MWJS, 2026 WL 2718560, at *2 (E.D. Cal. Sept. 15, 2026).

It is plain that Petitioner is currently detained pursuant to § 1231(a)(2), based on the reinstated order of removal issued on September 24, 2026. Although he has been given the opportunity to do so, Petitioner has not disputed that fact. The court therefore finds that as of the date of this order, Petitioner has been detained pursuant to

§ 1231(a)(2) for 55 days since the date of the entry of the reinstated final order of removal. And because a noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since his removal order became final, the petition must be denied. *Khotesouvan*, 386 F.3d at 1299 & n.3; *see also E.D. v. Warden*, No. 1:26-cv-02938, 2026 WL 1283427, at *2 (E.D. Cal. May 11, 2026) (denying the petition of a petitioner "detained for less than 30 days since his order of removal became final").

The court therefore DISMISSES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 18, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge